# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10165
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL GONZALES, also known as Manuel Carlos Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-157-2

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Manuel Gonzales pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). The district court sentenced him to 420 months of imprisonment followed by five years of supervised release. Gonzales argues on appeal that the district court erred in applying certain enhancements to his sentence and in calculating the drug quantity attributable to him for sentencing purposes.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10165

Gonzales argues that the district court erred when it enhanced his sentence under U.S.S.G. § 2D1.1(b)(12) for maintaining a drug premises. "A district court's application of § 2D1.1(b)(12) is a factual finding reviewed for clear error." *United States v. Guzman-Reyes*, 853 F.3d 260, 263 (5th Cir. 2017) (citation omitted).

The presentence report (PSR) and supporting evidence in this case show that Gonzales used the home of Annette Ward, where he also resided, to distribute methamphetamine on multiple occasions over a one-year period, and that in exchange for his use of the house, Annette received "personal use amounts of methamphetamine." This court has upheld the application of § 2D1.1(b)(12) under analogous circumstances. *See United States v. Rico*, 864 F.3d 381, 386 (5th Cir.), *cert. denied*, 138 S. Ct. 487 (2017). Because the district court's finding that Gonzales maintained a drug premises was "plausible in light of the record as a whole," no clear error occurred in applying § 2D1.1(b)(12). *See Guzman-Reyes*, 853 F.3d at 263.

Gonzales also challenges the three-level increase to his offense level under U.S.S.G. § 3B1.1(b) based on the district court's determination that he was "a manager or supervisor" of a criminal activity that involved five or more participants or was otherwise extensive. The court's determination of Gonzales's status as a manager or supervisor under § 3B1.1(b) is a factual finding that this court reviews for clear error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002).

Annette stated in her proffer interview that Gonzales and her daughter, Jessica Ward, supplied her with methamphetamine that she distributed on multiple occasions. Additionally, she admitted that she picked up wired drug proceeds on behalf of Gonzales and Jessica on at least two occasions. She also distributed methamphetamine that she obtained from Gonzales and Jessica.

Finally, Annette stated in her factual resume that she allowed Gonzales and others to conduct methamphetamine transactions from her residence.

Annette's proffer statement and factual resume support the inference that she was acting under the direction of Gonzales, and "[w]hen the evidence demonstrates that a defendant directed another in his drug trafficking activities," a managerial or supervisory role enhancement under § 3B1.1 is appropriate. *See United States v. Turner*, 319 F.3d 716, 725 (5th Cir. 2003).

Finally, Gonzales contends that the district court erred in holding him accountable for 6.3 kilograms of methamphetamine. He claims that the drug quantity attributed to him in the PSR is not reliable because it is based on the testimony of his coconspirator, Leslie Payne. "The district court's calculation of the quantity of drugs involved in an offense is a factual determination" that is entitled to "considerable deference" and will only be reversed for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005) (citations omitted).

Gonzales has failed to provide any plausible reason for the district court to doubt the accuracy of the information in the PSR, and he has not offered any controverting evidence that would call the PSR's accuracy into question. *See United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010). As such, he has not demonstrated that the district court erred, let alone clearly erred, in sentencing him based on a drug quantity greater than five kilograms. *See Betancourt*, 422 F.3d at 246.

The judgment of the district court is AFFIRMED.